IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE JAIME HARRISON,<br><br>    Non-Party Movant.<br><br>OLUWATOLA ADENEKAN,<br><br>    Plaintiff,<br><br>v.<br><br>MARY CHINYE ADENEKAN, et al.,<br><br>    Defendants. | Misc. Action No. _____ |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO QUASH SUBPOENA AND FOR PROTECTIVE ORDER**

Pursuant to Federal Rule Civil Procedure 45(d)(3), Jaime Harrison moves this Court to quash a subpoena directed at him by the plaintiff in *Adenekan v. Adenekan*, No. 4:20-cv-3127 (S.D. Tex.), and for a protective order prohibiting the plaintiff from making future efforts to seek discovery from Mr. Harrison in this case.[1] The Court should quash the subpoena for several reasons. Most importantly, Mr. Harrison, who is the chairperson of the Democratic National Committee (which is where the subpoena was sent), has no information relevant to this case, in which Plaintiff, a Texas resident, asserts other Texas residents and local Texas officials have conspired to harm and stalk Plaintiff. Moreover, the subpoena should be quashed because Mr. Harrison was not properly served; discovery has not begun in the underlying case; and while the subpoena purports to request that Mr. Harrison produce documents, it does not identify what those documents should be.

---

[1] Because the deposition sought by the subpoena at issue would occur in Washington, D.C., this Court is the proper venue for this action to quash the subpoena. *See* Fed. R. Civ. P. 45(d)(3)(A).

**BACKGROUND**

**I.     The Underlying Suit**

The suit from which this subpoena arises was originally filed on September 8, 2020, by Plaintiff, a Texas resident appearing pro se. *Adenekan v. Adenekan*, No. 4:20-cv-3127 (S.D. Tex. Sept. 8, 2020), ECF No. 1. Two months later, Plaintiff amended his complaint to name three Texas residents as defendants: Mary Chinye Okobi Adenekan, Innocent Okhifo, and Anthonia Ngozi Okobi. *Adenekan*, ECF No. 4. Neither the original or first amended complaints included any factual allegations aside from an assertion that Plaintiff has suffered "Psychological and emotional distress," "Loss of property," "Defamation of character," and "Identity theft." *Id.* at 4.

On December 22, 2020, the district court issued an order instructing Plaintiff to respond within ten days explaining why the suit should not be dismissed for want of prosecution. *Adenekan*, ECF No. 5. On January 13, 2021, Plaintiff sought additional time to locate the defendant and obtain a lawyer. *Adenekan*, ECF No. 6. The district court granted that request, provided Plaintiff until April 20, 2021 to serve the defendants, and set an initial scheduling conference for May 14, 2021. *Adenekan*, ECF No. 7.

Plaintiff has since filed a second amended complaint (the "SAC"), which is currently operative. *Adenekan*, ECF Nos. 8, 8-1. The SAC names as defendants the same three Texas residents listed above, but also adds 15 unnamed defendants. *Adenekan*, ECF No. 8-1 at 1. All of the allegations in the SAC involve events surrounding Plaintiff's marriage, domestic abuse allegations that have apparently arisen in that context, and his assertion that certain individuals are conspiring to harm him. *See generally id.* There are no allegations whatsoever that would tend to indicate that Mr. Harrison is at all likely to have any information relevant to the case.

**II.    The Subpoena Directed at Mr. Harrison**

On March 24, 2021, the Democratic National Committee (the "DNC") was notified that a

piece of mail addressed to Mr. Harrison had been delivered to a DNC office located at 430 South Capitol Street SE, in Washington, D.C. *See* Guardiola Decl. ¶¶ 3-4. The envelope contained a subpoena directed to Mr. Harrison. Guardiola Decl. Ex. 1 at 2. The subpoena calls for Mr. Harrison's deposition to be taken at 11:00 a.m. today, Monday, March 29, 2021, at the DNC's office in Washington, D.C. *Id.* The only information relevant to the DNC in the papers attached to the subpoena is an assertion that Plaintiff "went to the DNC house in Washington DC on the 23rd of December 2020 to inform the DNC officials they will be attacked," but was "ordered to leave the premise[s] by the Capitol Hill Police after they refused to call the Homeland Security at his request." *Id.* at 3. These allegations are not in the SAC, and it is not at all clear what they could possibly have to do with the underlying case.

On the subpoena form, the option for requesting that Mr. Harrison bring "documents, electronically stored information, or objects" to the deposition is selected, but it includes no explanation of what those documents, information, or objects should be. *Id.* at 2.

## ARGUMENT

The subpoena should be quashed. Mr. Harrison has no information relevant to this case. Moreover, the subpoena was not properly served, discovery has not begun in the underlying case, and the request that he produce documents provides no guidance as to what documents it contemplates him producing.

### I. The subpoena will cause an undue burden because Mr. Harrison has no information relevant to this case.

This Court "must quash or modify a subpoena that . . . subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A)(iv). A subpoena subjects its target to an undue burden if it seeks information that is not discoverable because it is irrelevant. *See* Fed. R. Civ. P. 26(b)(1) (limiting discovery to matters "relevant to any part's claim or defense"); *Hesco Bastion Ltd. v. Greenberg*

*Traurig LLP*, No. 1:09-mc-357-RWR, 2009 WL 5216932, at *3 (D.D.C. Dec. 23, 2009) ("[I]t is settled that a subpoena is limited in scope by Rule 26(b)(1) of the Federal Rule of Civil Procedure."). "If a subpoena compels disclosure of information that is not properly discoverable, then the burden it imposes, however slight, is necessarily undue: why require a party to produce information the requesting party no right to obtain?" *AF Holdings, LLC v. Does 1-1058*, 752 F.3d 990, 995 (D.C. Cir. 2014). A subpoena seeking clearly irrelevant information thus may and should be quashed. *See* 9A Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 2459; *Hesco Bastion*, 2009 WL 5216932, at *4-5 (recommending that subpoena not be enforced on the ground that the information sought was "not relevant to the claims or defenses, or more broadly, the subject matter, presented in the [underlying] case") *adopted in full* No. 1:09-mc-357-RWR (D.D.C. Jan. 21, 2010), ECF No. 12; *Cofield v. City of LaGrange, Ga.*, 913 F. Supp. 608, 614 (D.D.C. 1996) ("A federal court has the authority to quash a subpoena that seeks material which is clearly irrelevant."); *see also Jordan v. Comm'r, Miss. Dep't of Corrs.*, 947 F.3d 1322, 1329 (11th Cir. 2020) ("[A] subpoena issued under Rule 45 should be quashed to the extent it seeks irrelevant information.").

Even under Rule 26's liberal relevance standard, Mr. Harrison has no information relevant to this case. As the description of the Plaintiffs' allegations above makes undoubtedly clear, this case has nothing to do with Mr. Harrison or the DNC. Plaintiff alleges that Texas residents and public officials have conspired to harm and stalk him. There is no reasonable basis to believe that Mr. Harrison would know anything relating to the facts alleged in this complaint. To the extent that the papers attached to the subpoena suggest that, in December 2020, Plaintiff interacted with someone at one of the DNC's offices, that has nothing to do with this case. And even assuming such an interaction occurred, there is no reason to believe Mr. Harrison has any information

relevant to that interaction. Because this subpoena does not seek information in any way relevant to this case, it should be quashed.

## II.     Plaintiff did not properly serve Mr. Harrison with the subpoena.

The subpoena should also be quashed because it was not properly served. Proper service of a third-party subpoena "requires delivering a copy to the named person." Fed. R. Civ. P. 45(b)(1). "The 'longstanding interpretation of Rule 45 has been that personal service of subpoenas is required. The use of the word 'delivering' in subdivision (b)(1) of the rule with reference to the person to be served has been construed literally.'" *Call of the Wild Movie, LLC v. Does 1-1,062*, 770 F. Supp. 2d 332, 361 (D.D.C. 2011) (quoting Federal Practice and Procedure § 2454). The D.C. Circuit has thus instructed that Rule 45's subpoena-service provision "does not permit any form of mail service." *FTC v. Compagnie De Saint-Gobain-Pont-a-Mousson*, 636 F.2d 1300, 1312-13 (D.C. Cir. 1980) (citing prior provision of Rule 45(c), the substance of which was since transferred to Rule 45(b)(1)). And while a "minority of courts have recently broadened this interpretation," "[c]ourts in this jurisdiction have *not* followed this path." *Call of the Wild Movie*, 770 F. Supp. 2d at 361 (emphasis added).

Here, Plaintiff did not personally deliver this subpoena to Mr. Harrison. Instead, the subpoena was mailed to an office of the DNC. That is not sufficient. *See United States v. Philip Morris, Inc.*, 312 F. Supp. 2d 27, 37-38 (D.D.C. 2004) (granting motion to quash in part because "the deposition subpoenas were simply left at the mail room at DOJ or with support staff, but were not personally served" on the subpoena targets, which was a "clear" "violation of Rule 45(b)(1)"). As a result, the subpoena must be quashed.

## III.    The subpoena is barred by Rule 26(d)(1).

Even if the subpoena sought information relevant to this case and was properly served, it still should be quashed because discovery in the underlying case has not begun. Plaintiff "may not

seek discovery from any source before the parties [in the underlying action] have conferred as required by Rule 26(f)" Fed. R. Civ. P. 26(d)(1).[2] There is no indication that the parties in the underlying action have held their Rule 26(f) conference. In fact, none of the defendants have even appeared in the case. As a result, Plaintiff may not yet issue any discovery requests, let alone a third-party subpoena. *See Annapolis Citizens Class Overcharged for Water-Sewer v. Stantec, Inc.*, No. 1:20-cv-2603-BAH (D.D.C. Nov. 12, 2020) (minute order quashing subpoena because it was issued prior to the parties' Rule 26(f) conference); *Desilva v. North Shore-Long Island Jewish Health Sys. Inc.*, No. CV 10-1341(JFB)(ETB), 2010 WL 3119629, at *1 (E.D.N.Y. Aug. 9, 2010) (quashing third-party subpoenas issued prior to the parties' Rule 26(f) conference).

**IV.    The request that Mr. Harrison bring documents or other materials to the deposition contains no guidance.**

On the subpoena form, Plaintiff selected the option stating: "You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material." Guardiola Decl. Ex. 1 at 2. However, Plaintiff did not provide any description of such documents, electronically stored information, or objects. *See id.* Without such a description, it is impossible for Mr. Harrison to comply with or respond to that portion of the subpoena.

## CONCLUSION

The target of this subpoena has no information relevant to this case. Moreover, the subpoena was not properly served, is barred by Rule 26(d)(1), and fails to provide any guidance as to its request for the production of documents. The Court should quash the subpoena and issue an order prohibiting Plaintiff from seeking further discovery from Mr. Harrison.

---

[2] While this limitation does not apply to "proceeding[s] exempted from initial disclosure under Rule 26(a)(1)(B)," *id.*, the underlying action here is not such a proceeding.

March 29, 2021                    Respectfully submitted,

*/s/ Amanda R. Callais*
Amanda R. Callais (DC Bar No. 1021944)
Daniel C. Osher (DC Bar No. 1632852)
ACallais@perkinscoie.com
DOsher@perkinscoie.com
**Perkins Coie LLP**
700 Thirteenth Street, N.W. Suite 800
Washington, D.C. 20005-3960
Telephone: (202) 654-6200
Facsimile: (202) 654-6211

## CERTIFICATE OF SERVICE

I hereby certify that March 29, 2021, I electronically filed the foregoing Motion to Quash Subpoena and for Protective Order, as well as the attached memorandum of law, declaration, and exhibit. The following persons will be served with true and correct copies of these documents by the indicated means on March 29, 2021:

<u>By Hand Delivery and Fax</u>**:**
Oluwatola Adenekan
18482 Kuykendahl Rd.
Suite 168
Spring, TX 77379

(Alternative Address)
4502 Countyside View
Spring, TX 77388

Fax: (281) 353-3887

                                                */s/ Amanda R. Callais*
                                                Amanda R. Callais